UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN PEDERSEN,

    Plaintiff,

v.

DREAMS COME TRUE
AVIATION, LLC,

    Defendant.

Case No. 2:18-cv-1323
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Dreams Come True Aviation, LLC's ("DCT") Motion to Dismiss (ECF No. 9); Plaintiff John Pedersen's ("Mr. Pedersen") Response in Opposition (ECF No. 12); and DCT's Reply brief (ECF No. 15). For the reasons that follow, DCT's Motion is **DENIED**. (ECF No. 9).

### I.

Mr. Pedersen is a judgment creditor who currently resides in Middleton, Wisconsin. (Compl. ¶ 1, ECF No. 1). On July 15, 2013, the Eighteenth Judicial Circuit Court in Brevard County, Florida awarded Mr. Pedersen a judgment of $3,714,296.90 plus interest at 6% per year against Evektor-Aerotechnik a.s. ("Evektor"). (*Id.* ¶ 6). Evektor, a company based out of the Czech Republic, has failed to satisfy any portion of the judgment. (*Id.* ¶ 7). According to Mr. Pedersen, Evektor does not have sufficient property in the United States to satisfy the judgment. (*Id.* ¶ 8).

DCT is "Evektor's North American Parts Dealer and Midwest USA Aircraft Sales Representative," as well as "Evektor Technical Support for Light Sport maintenance facilities

across the United States and Canada." (*Id.* ¶ 10). Mr. Pedersen alleges that DCT owes funds to Evektor and potentially to a "sole proprietorship, partnership, or corporate entity controlled by" Evektor. (*Id.*). Mr. Pedersen further alleges that he is unaware of the amount DCT owes to Evektor and any other entity controlled by Evektor. (*Id.*).

Mr. Pedersen filed suit against DCT on October 26, 2018, seeking a creditor's bill under Ohio Revised Code § 2333.01 against DCT for any funds owed or about to be owed to Evektor and any sole proprietorship, partnership, joint venture, or corporate entity controlled by Evektor. (Compl. ¶ 9). On December 11, 2018, DCT moved to dismiss Mr. Pedersen's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(7) for failure to join an indispensable party under Rule 19. (ECF No. 9). Mr. Pedersen filed his Response in Opposition on December 26, 2018 (ECF No. 12), and DCT filed its Reply brief on January 9, 2019 (ECF No. 15). DCT's Motion is ripe for review.

## II.

Rule 19 requires the Court to engage in a three-step inquiry when determining whether a case should continue in the absence of a particular party. *See Local 670, United Rubber v. International Union, United Rubber*, 822 F.2d 613, 618 (6th Cir. 1987); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001). First, the Court must determine if the absent party is a "necessary" party. *Id.* The absent party qualifies as a necessary party if either: (1) complete relief cannot be accorded among the current parties; or (2) a ruling on the complaint in the party's absence may impair that party's ability to protect its interests or subject current parties to a substantial risk of inconsistent obligations. Fed. R. Civ. Proc. 19(a).

If the Court decides the absent party is not a necessary party, neither joinder nor further analysis is required. *Local 670, United Rubber*, 822 F.2d at 618. However, if the absent party is

2

deemed necessary, the Court must proceed to step two—determining whether joinder is feasible. *Id.* Rule 19 requires joinder where the necessary absent party is "subject to service of process and "will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). *See also Painewebber*, 276 F.3d at 200 (finding that joinder is feasible where the necessary party is "subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction"). In addition, Rule 19 notes that joinder is not feasible where "a joined party objects to venue and the joinder would make venue improper." Fed. R. Civ. P. 19(a)(3). *See also Local 670, United Rubber*, 822 F.3d at 618 ("If personal jurisdiction is present, the party *shall* be joined; however, in the absence of personal jurisdiction (or if venue as to the joined party is improper), the party cannot properly be brought before the court") (emphasis in original).

Third, if the Court determines that joinder is not feasible, the Court must decide whether: (1) the case should proceed without the necessary party, or (2) the case should be dismissed because the necessary party is "indispensable" under Rule 19(b). *Id.* Rule 19(b) instructs courts to weigh this question in "equity and good conscience," with four factors in mind: (1) the extent to which a judgment rendered in the party's absence might be prejudicial to that party or existing parties; (2) the extent to which the court may lessen or avoid prejudice; (3) whether the court can render adequate judgment in the party's absence; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

Finally, the Sixth Circuit has held that Rule 19 requires a pragmatic analysis. *Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993). "Simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Id.*

3

## III.

### A. Is Evektor a Necessary Party Under Rule 19(a)?

DCT argues that Evektor is a necessary party under Rule 19(a)(1)(B)(i) and should be joined if feasible. (Mot. to Dismiss at 4, ECF No. 9). DCT contends that Evektor has the strongest interest possible in the action because it involves money owed or money that will be owed to Evektor. (Mot. to Dismiss at 4). DCT also points out that a creditor's bill against DCT will close the American market to Evektor because "it would make no economic sense for Evektor to fulfill DCT's orders for planes and parts when Evektor has no hope of getting paid for those parts." (*Id.*). Finally, DCT argues that, without joinder, the action would impair or impede Evektor's ability to protect its interest and market presence. (*Id.*).

Mr. Pedersen points out that Ohio law does not require judgment debtors to be made parties to creditors' claims and garnishment actions. (Opp'n at 4). Citing Ohio Revised Code ("O.R.C.") § 2333.01, Mr. Pedersen argues the statutory language permits "an unpaid judgment creditor to place a lien on future payments held by a third party to an uncollectible judgment debtor"—it does not require the judgment debtor to be a party. (*Id.* at 1–2). In addition, Mr. Pedersen cites *In re Estate of Mason*, 109 Ohio St. 3d 532 (2006), in which a group of competing judgment creditors levied creditor and garnishment claims against the heir of an estate. Mr. Pedersen avers that "Richard Mason, the heir and judgment debtor, did not seem to [be] a party [to] the action either in the context of garnishment or the creditor's bill." (Opp'n at 4). Analogizing the present case to *In re Estate of Mason*, Mr. Pedersen argues "that joinder of the judgment debtor is completely unnecessary." (*Id.*). Moreover, Mr. Pedersen avers that joinder will delay proceedings because he will have to: (1) amend the Complaint, and (2) effectuate

4

service of process under the Hague Convention for the Service Abroad of Judicial Documents. (*Id.* at 5).

The Court finds Mr. Pedersen's arguments unpersuasive. Mr. Pedersen does not dispute that Evektor has a financial interest in this case. In fact, he acknowledges that "[s]ince DCT may owe Evektor-Aerotechnik money in the future, a creditor's bill is clearly the correct means to levy the future interests of Evektor-Aerotechnik." (*Id.*). Although DCT has not sold an Evketor plane in the last two years, it has sold parts. (Minnich Decl. ¶ 6, ECF No. 9-1). Thus, it is reasonable to anticipate future sales from DCT. Moreover, Evektor's interest in this litigation extends beyond DCT's part sales. Without DCT, Evektor has no economic foothold in the American market.

Furthermore, Mr. Pedersen's reliance on O.R.C. § 2333.01 and *In re Estate of Mason* is misplaced. Nothing in Rule 19 suggests that necessary parties must be defined in the language of the statute at issue. Nor does Rule 19 mandate that judgment debtors are *always* necessary parties in creditor or garnishment actions. Consequently, whether the *In re Estate of Mason* judgment debtor was a necessary party in that action has no bearing on whether Evektor is a necessary party in this one. However, as DTC points out in its Reply brief, at least one Ohio court has indicated that debtors are necessary parties in creditor actions as a matter of course. (Reply at 1, ECF No. 15) (citing *Shor v. Hutton*, 50 Ohio App. 349, 350 (Ohio Ct. App. 1935)) ("It was a creditor's bill, and, *of course*, the debtor as well as the third person were necessary parties to that action") (emphasis added).

Accordingly, Evektor is "so situated that disposing of the action" in its absence may impede its ability to protect its business interests. Therefore, the Court finds that Evektor is a necessary party pursuant to Rule 19(a).

## B. Is Joinder Feasible?

Since Evektor is a necessary party, the Court must next determine whether joinder is feasible. To be feasibly joined, Evektor must be "subject to service of process and [its] joinder [must] not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). *See also Painewebber*, 276 F.3d at 200 (finding that a necessary party may only be feasibly joined if it is "subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction").

DCT contends "this Court can exercise personal jurisdiction over Evektor and that an Order requiring Plaintiff to join Evektor as a party would likely permit him to avoid dismissal under Fed. R. Civ. P. 12(b)(7)." (Mot. to Dismiss at 4–5). Mr. Pedersen does not dispute that the Court has personal jurisdiction and subject matter jurisdiction over Evektor. Rather, Mr. Pedersen points out that if Evektor were made a party to this action, "a separate summons would have to be issued—and service of process effectuated under the Hague Convention for the Service Abroad of Judicial Documents." (Opp'n at 5). Mr. Pedersen argues joining Evektor would substantially delay the proceedings because "[t]he last time the Plaintiff served Evektor-Aerotechnik it took over a year for the Czech Ministry of Justice to effectuate service—exclusive of any additional time required for translation." (*Id.*).

Under Rule 4(f)(1), "an individual . . . may be served at a place not within any judicial district of the United States: (1) by any internally agreed upon means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad ("Hague Service Convention") of Judicial and Extrajudicial Documents . . ." Article 10 of the Hague Service Convention provides that, as long as:

> the State of destination does not object, the present Convention shall not interfere with—the freedom of judicial officers, officials or other competent persons of the

6

> State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, . . .

Hague Convention, November 15, 1965, 20 U.S.T. 361, Article 10.

In *Zobel v. Contech Enterprises*, 170 F. Supp. 3d 1041, 1049 (S.D. Ohio 2016), this Court held that Article 10(a) permits service of process on international defendants via registered mail, as long as the receiving country does not object. *See also Sibley v. Alcan, Inc.*, 400 F. Supp. 2d 1051, 1055 (N.D. Ohio 2005) ("this Court holds that service of process by registered mail from the Clerk of Courts of the district in which a case is filed to a Canadian defendant is permitted by Article 10(a) of the Hague Convention"). Furthermore, in *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F. Supp. 623, 627 (M.D. Tenn. 1988), a sister district court found that joinder of a necessary foreign party was feasible because it did "not appear to present jurisdictional problems and [was] amenable to service of process according to the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters."

Here, Mr. Pedersen does not dispute that the Czech Republic is a participating nation in the Hague Service Convention. In fact, Mr. Pedersen notes that the Czech Ministry of Justice served Evektor in his previous suit. (Opp'n at 5). Moreover, Mr. Pedersen acknowledges "there is no dispute that Evektor-Aerotechnik can be served under the Hague Convention for the Service Abroad of Judicial Documents—so this action [does] not need to be dismissed." (*Id.* at 4). Accordingly, the Court finds that joinder is feasible under Rule 19.

**C. Is Evektor an Indispensable Party?**

As Evektor can be feasibly joined, the Court need not address whether it is an indispensable party pursuant to Rule 19(b). *JTC of Nashville*, 693 F. Supp. at 628 ("Only where joinder is not feasible will the question of the party's indispensability arise").

7

## IV.

For the foregoing reasons, DCT's Motion to Dismiss is **DENIED**. (ECF No. 9). Mr. Pedersen is **DIRECTED** to serve Evektor within 30 days of the date of this Opinion and Order as an additional party defendant. In the event that either Mr. Pedersen or Evektor fails to comply with this Opinion and Order, the Court shall reconsider DCT's Motion to Dismiss for Failure to Join an Indispensable Party. (ECF No. 9).

**IT IS SO ORDERED.**

5-1-2019
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**