IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN PEDERSEN,
    Plaintiff,

v.

DREAMS COME TRUE
AVIATION, LLC,
    Defendant,

and

EVEKTOR-AEROTECHNIK, A.S.,
    Defendant.

Case No. 2:18-cv-1323
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE ELIZABETH P. DEAVERS

## ORDER

This matter arises from Plaintiff John Pedersen's ("Plaintiff") Motion for Preliminary Injunction against Defendant Evektor-Aerotechnik, a.s. ("Evektor"). (ECF No. 34-35). Because Evektor is in default, this Court found no reason to hold a hearing for Plaintiff's Motion for Preliminary Injunction. (ECF No. 42). Plaintiff subsequently filed a Motion for Default Judgment against Evektor, and Plaintiff also filed supplemental materials requesting that this Court enforce his Motion for Preliminary Injunction. (ECF No. 43 & 44).

For the reasons that follow, this Court **GRANTS in part** Plaintiff's Motion for Default Judgment. (ECF No. 44). And Plaintiff's Motion for Preliminary Injunction is **DENIED as moot**. (ECF No. 34 & 35).[1]

### I.

Plaintiff sought judgment against Evektor in the Eighteenth Judicial Circuit Court in Brevard County, Florida,[2] and on July 15, 2013, Plaintiff was awarded a judgment against

---

[1] Plaintiff filed his Motion for Preliminary Injunction and his Memorandum in Support in two separate documents.

1

Evektor in the amount of $3,715,296.90 as well as 6% per year in post judgment interest. (ECF No. 22 at ¶ 7, *see also* ECF No. 1, Pl.'s Ex. 1). Evektor, a company based out of the Czech Republic, has failed to satisfy any portion of the judgment. (ECF No. 22 at ¶ 8).

Consequently, Plaintiff filed a Complaint before this Court against Defendant Dreams Come True Aviation, LLC ("Defendant DCT"). (*See generally* ECF No. 1). Defendant DCT is "Evektor's North American Parts Dealer and Midwest USA Aircraft Sales Representative," as well as "Evektor Technical Support for Light Sport maintenance facilities across the United States and Canada." (*Id.* at ¶ 10). Plaintiff filed suit against Defendant DCT because Evektor allegedly does not have sufficient property in the United States to satisfy the state court judgment. (*Id.* at ¶ 8). In other words, Plaintiff believes Defendant DCT is in possession of assets owed to Evektor.

Plaintiff's Complaint contained one claim for a creditor's bill under Ohio Revised Code § 2333.01 against Defendant DCT which was an attempt to collect Evektor assets that may be in Defendant DCT's possession. (*Id.* at ¶ 5-12). Defendant DCT then filed a Motion to Dismiss for Failure to Join an Indispensable Party—Evektor. (ECF. No. 9). This Court issued an Order denying the Motion to Dismiss and ordering that Plaintiff serve Evektor within 30 days. (ECF No. 19).

Plaintiff subsequently filed his Amended Complaint which added Evektor as a defendant. (ECF No. 22). In the Amended Complaint, Plaintiff again sought a creditor's bill under Ohio Revised Code § 2333.01 against Defendant DCT for funds owed or about to be owed to Evektor. (*Id.* at ¶ 6-11). Because of the relationship between Evektor and Defendant DCT, Plaintiff avers that Defendant DCT owes funds to Evektor and potentially to other entities controlled by Evektor for work performed on Evektor's behalf. (*Id.*). However, Plaintiff does not know the

---

[2] *John Pedersen v. Evektor Aircraft Inc. & Evektor-Aerotechnik a.s.*, 2010-CA-49934 (Fla. Cir. Ct. 2014).

exact amount Defendant DCT owes to Evektor or any other entity controlled by Evektor. (*Id.* at ¶ 12).

Plaintiff, nevertheless, requests the following relief in his Amended Complaint:

1. A judgment ordering that Defendant Dreams Come True (DCT) Aviation, LLC be enjoined from paying or delivering to the Judgment Debtor Evektor-Aerotechnik a.s., and any sole proprietorship, partnership, or corporate entity controlled by the Judgment Debtor, any monies, goods, effects, assets, interest and/or properties due and owing to them, until such time as Judgment Creditors' Judgment and court costs accrued are paid in full.

2. A judgment ordering that that [sic] Defendant Dreams Come True (DCT) Aviation, LLC deliver and pay any funds it owes the Judgment Debtor Evektor-Aerotechnik a.s., and any sole proprietorship, partnership, or corporate entity controlled by the Judgment Debtor, any monies, goods, effects, assets, interest and/or properties due and owing to them be paid to the Plaintiff, until such time as Judgment Creditors' Judgment and court costs accrued are paid in full.

3. A judgment ordering that Evektor-Aerotechnik a.s pay the Florida award to the plaintiff in full together with the Florida state mandated interest.

4. An Order enjoining the Judgment Debtor Evektor-Aerotechnik a.s., from exporting any aircraft, parts or supplies to the United States of American [sic] until Plaintiff John Pedersen is paid in full with interest.

5. Such other relief as the Court may deem equitable and just under the circumstances.

6. Judgment Creditors request that this Court retain jurisdiction over this Case pending all of the Defendants' compliance with its orders.

(ECF No. 22 at 4-5).

After filing the Amended Complaint, Plaintiff timely filed for an Issuance of Summons on Evektor and a summons was issued as to Evektor three days later. (ECF No. 23 & 24). After receiving no response from Evektor, Plaintiff filed an application to the Clerk for entry of default against Evektor, and default was entered. (ECF No. 31 & 32).

Following the entry of default, Plaintiff filed a Motion for Preliminary Injunction against Evektor requesting an injunction to stop Evektor from "exporting any products, parts, or sub-systems of any kind to the United States until Plaintiff's Florida judgment is paid in full—or satisfactory payment arrangements have been made, and any other such relief that is just and proper." (*See* ECF No. 34; *see also* ECF No. 35 at 11). In light of Evektor's default, this Court found no reason to hold a hearing on Plaintiff's Motion for Preliminary Injunction and instead issued an Order allowing Plaintiff to submit additional supplemental materials. (ECF No. 42). In compliance with that Order, Plaintiff submitted supplemental materials requesting that this Court enforce his Preliminary Injunction, and Plaintiff also filed a separate Motion for Default Judgment against Evektor pursuant to Rule 55(b)(2). (ECF No. 43 & 44).

## II.

Upon consideration of the foregoing, Evektor is in default for failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure. Consequently, a default judgment is authorized and appropriate pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. It is therefore **ORDERED** that default judgment be entered in favor of Plaintiff against Evektor. To logically address each of Plaintiff's request for relief, this

Court's analysis will begin with Plaintiff's third, fourth and fifth requests for relief and then proceed to Plaintiff's first, second and sixth requests for relief.

### a. **Plaintiff's Third, Fourth And Fifth Requests For Relief**

Plaintiff requests in his Amended Complaint the following:

> 3. A judgment ordering that Evektor-Aerotechnik a.s pay the Florida award to the plaintiff in full together with the Florida state mandated interest.
>
> 4. An Order enjoining the Judgment Debtor Evektor-Aerotechnik a.s., from exporting any aircraft, parts or supplies to the United States of American [sic] until Plaintiff John Pedersen is paid in full with interest.
>
> 5. Such other relief as the Court may deem equitable and just under the circumstances.

(ECF No. 22 at 4-5).

Plaintiff directs this Court's attention to a judgement he recovered in the Eighteenth Judicial Circuit Court in Brevard County, Florida. (ECF No. 22 at ¶ 7). The judgment makes clear that Plaintiff is entitled to $3,715,296.90 as well as 6% per year in post judgment interest. (*Id.*). It is common for courts to take judicial notice of prior judgments and to use them as prima facie evidence of the facts stated therein. *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 412 (6th Cir. 2006).

Therefore, pursuant to Federal Rule of Civil Procedure 201,[3] this Court takes judicial notice of Plaintiff's state court award and **ORDERS** Evektor to pay the amount in full as well as the mandated interest. Moreover, until the amount is paid in full, this Court

---

[3] Federal Rule of Civil Procedure 201(b) states that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

5

**ENJOINS** Evektor from exporting any aircraft, parts or supplies to the United States of America. The injunction shall go into effect immediately and shall remain in effect for 180 days from the date of this Order. With respect to Plaintiff's fifth request for relief, this Court finds that the circumstances of the instant case do not necessitate additional relief.

b. **Plaintiff's First, Second And Sixth Requests For Relief**

Plaintiff also requests in his Amended Complaint the following:

> 1. A judgment ordering that Defendant Dreams Come True (DCT) Aviation, LLC be enjoined from paying or delivering to the Judgment Debtor Evektor-Aerotechnik a.s., and any sole proprietorship, partnership, or corporate entity controlled by the Judgment Debtor, any monies, goods, effects, assets, interest and/or properties due and owing to them, until such time as Judgment Creditors' Judgment and court costs accrued are paid in full.
>
> 2. A judgment ordering that that [sic] Defendant Dreams Come True (DCT) Aviation, LLC deliver and pay any funds it owes the Judgment Debtor Evektor-Aerotechnik a.s., and any sole proprietorship, partnership, or corporate entity controlled by the Judgment Debtor, any monies, goods, effects, assets, interest and/or properties due and owing to them be paid to the Plaintiff, until such time as Judgment Creditors' Judgment and court costs accrued are paid in full.

(ECF No. 22 at 4-5). Plaintiff also seeks a "Judgment Creditors request that this Court retain jurisdiction over this Case pending all of the Defendants' compliance with its orders." (*Id.*).

6

With respect to default judgments, the Court may conduct an evidentiary hearing on damages or to establish the truth of any allegations by evidence. Fed. R. Civ. P. 55(b)(2); *see Vesligaj v. Peterson*, 331 Fed. Appx. 351, 355 (6th Cir. 2009) (citing *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "Certainly, the district court has wide discretion under Federal Rule of Civil Procedure 55(b) to decide whether a hearing is necessary to determine damages pursuant to a default judgment." *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. Appx. 452, 460 (6th Cir. 2011) (citing *Vesligaj v. Peterson*, 331 Fed. Appx. 351, 354-55 (6th Cir. 2009)).

Turning to Plaintiff's first and second requests for relief, to support those requests Plaintiff alleges in his Amended Complaint that: (i) Defendant DCT is in possession of assets belonging to Evektor; and (ii) Defendant DCT owes funds to Evektor, and potentially to other entities controlled by Evektor for work performed on Evektor's behalf. (ECF No. 22 ¶ 11). Pursuant to FRCP 55(b)(2), this Court hereby finds that a hearing is needed to establish the truth of these allegations by evidence. After that hearing, this Court will determine whether Plaintiff is entitled to relief on his first and second requests.

With respect to Plaintiff's sixth request for relief, this Court will retain jurisdiction over the instant case pending Evektor's compliance with this Order. However, this Court is disinclined to find the same with respect to Defendant DCT until the aforementioned hearing is held.

c. **Plaintiff's Motion For Preliminary Injunction**

Plaintiff filed a Motion for Preliminary Injunction before this Court seeking to enjoin Evektor from "exporting any products, parts, or sub-systems of any kind to the United States until Plaintiff's Florida judgment is paid in full—or satisfactory payment arrangements have been made, and any other such relief that is just and proper." (ECF No. 35 at 11). That request is

7

almost identical to Plaintiff's fourth request for relief included in his Amended Complaint. (ECF No. 22 at 4-5). Because this Court granted Plaintiff's fourth request for relief as part of Plaintiff's default judgment, Plaintiff's Motion for Preliminary Injunction is **DENIED as moot**.

### III.

For the aforementioned reasons, Plaintiff's Motion for Default Judgment is **GRANTED in part**, and Plaintiff's Motion for Preliminary Injunction is **DENIED as moot.** (ECF No. 34 -35 & 44). Moreover, with respect to Plaintiff's first, second and sixth requests for relief, this Court schedules a hearing for January 7, 2020 at 10:00 A.M. at the United States District Court for the Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43215. A notice will issue forthwith.

**IT IS SO ORDERED.**

12-2-2019
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE