UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Pedersen,

    Plaintiff,

v.

Dreams Come True Aviation, LLC and Evektor-Aerotechnik, A.S.,

    Defendants.

Case No. 2:18-cv-01323

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

**OPINION AND ORDER**

Plaintiff John Pedersen was injured in a plane crash in 2009 and brought suit against Defendant Evektor-Aerotechnik, a.s., a Czech corporation manufacturing aircrafts, in state court. In 2013, Pedersen won a multi-million dollar judgment against Evektor. However, Evektor has managed to avoid satisfying this judgment. Evektor's conduct is inexcusable, but there is no remedy in law or in equity that this Court can provide to Pedersen in the form of a nationwide injunction. For the reasons below, Pederson's motion for a permanent injunction (ECF No. 56) is **DENIED** and the Court orders a hearing on the contempt issue.

Pedersen filed a personal injury lawsuit against Evektor in Florida state court, which resulted in a favorable judgment for Plaintiff in the amount of $3,715,296.90 with 6% per annum in interest. (ECF No. 54 at PageID #492.) Pedersen alleges that Evektor has evaded paying any portion of the Florida court judgment. After an unsuccessful attempt to enforce judgment in the Czech Republic (ECF No. 35 at PageID #180), Pedersen brought this action for a creditor's bill under Ohio Revised Code § 2333.01. (ECF No. 54 at PageID $492.) Pedersen sought to recover

1

the judgement by having Defendant Dreams Come True Aviation, LLC ("DCT"), an Evektor business affiliate located in Ohio, pay its outstanding accounts with Evektor to Pedersen. (*Id.*)

DCT filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party under Federal Rule of Civil Procedure 19, which the Court denied. (ECF No. 19 at PageID #122.) However, the Court concluded that Evektor was a necessary party, and it was feasible to join it. (*Id.* at PageID #125–27.) Accordingly, Pedersen was directed to serve Evektor as a defendant. (*Id.* at PageID #129.) Pedersen amended his complaint (ECF No. 22) and effectuated service on Evektor (ECF No. 30).

Default judgment proceedings followed. Pedersen applied for a clerk's entry of default against Evektor (ECF No. 31), which was entered (ECF No. 32). He then moved for a preliminary injunction against Evektor (ECF Nos. 34 & 35) and for entry of default judgment against Evektor (ECF Nos. 43 & 44). In his motion for a preliminary injunction, Pedersen sought to enjoin Evektor for 180 days "from exporting any products, parts, or sub-systems of any kind to the United States until Plaintiff's Florida Judgment against [Evektor] is paid in full—or satisfactory payment arrangements have been made." (ECF No. 35 at PageID #173.) In his motion for default judgment, Pedersen asked for the same injunctive relief. (ECF No. 43-2 at PageID #240–41.)

The Court granted his motion for default judgment and denied his motion for a preliminary injunction as moot. (ECF No. 45 at PageID #252.) The Court addressed Pedersen's requests for relief in his amended complaint, which also included the injunctive relief requested in his motions described above. (ECF No. 22 at PageID #142.) The Court entered default judgment ordering Evektor pay the Florida award to Pedersen and enjoining Evektor from exporting into the United states for 180 days. (*Id.* at PageID #249.) The Court concluded that a hearing was necessary to determine whether it was proper to enjoin DCT from paying any money to Evektor and ordering

2

that DCT pay any funds owed to Evektor to Pedersen.  (*Id.* at PageID #250–51.)  The motion for a preliminary injunction was denied as moot because the default judgment encompassed the injunction sought.  (*Id.* at PageID #251–52.)  Subsequently, Pedersen and DCT reached an agreement and filed a joint motion to vacate the hearing and for entry of a consent judgment and order (ECF No. 48), which the Court granted (ECF No. 49). The agreement stipulated that DCT did not currently owe Evektor any money and would pay any future funds owed to Evektor to Pedersen.  (ECF No. 48-1 at PageID #260–61.)

Two months later, Pedersen filed a motion seeking an order to show cause against Evektor and "those assisting them in apparent attempts to evade" the Court's order granting default judgment, which ostensibly included DCT.  (ECF No. 50 at PageID #264.)  He also requested discovery and a hearing to determine if finding parties and non-parties in contempt was appropriate.  (*Id.* at PageID #270.)  His motion was granted in part, and discovery was permitted to determine whether a hearing on the motion was necessary or "if the matter may be determined from the record."  (ECF No. 54 at PageID #500.)  The parties later informed the Court that no additional discover was necessary and that "the contempt matter may be determined on the record before the Court."  (ECF No. 55 at PageID #501.)

Nine months later—well after the 180-day injunction expired— Pedersen filed a motion for a permanent injunction.  (ECF No. 56.)  He argued that the Court should expand its earlier preliminary injunction and enter a permanent injunction, noting that Evektor still had not tried to pay the Florida judgment against it.  (ECF No. 56 at PageID #504.)  Counsel for Evektor filed an appearance in the case (ECF No. 57) and a response brief, contending that a permanent injunction prohibiting Evektor from exporting its products is improper (ECF No. 61).  Pedersen's motion for a permanent injunction and the contempt matter are ripe for adjudication.

At this time, there are two issues for the Court to address—whether to issue a permanent injunction and how to address the contempt issue. Pederson asks this Court to rely on an Ohio statute for a creditor's bill to issue a nationwide permanent injunction against Evektor. Thus, the only connection in this case was to the preceding debtor, DCT, who is no longer in the case. Pederson and DCT settled. Therefore, the Court has no authority to issue the injunction.

Last, the issue of contempt. The parties represented to the Court that it could decide the contempt issue on the record before it. The Court disagrees. A hearing on the contempt issue, which pertains to both DCT and Evektor, will be held. The hearing will be set at a date and time to be determined shortly after this order is filed.

Accordingly, Pederson's motion for a permanent injunction (ECF No. 56) is **DENIED** and the remainder of Pederson's motion for an order to show cause (ECF No. 50) is **GRANTED**.

**IT IS SO ORDERED.**


**9/21/2021**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**